IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHESTER POLECK, JR.,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO.   12-3366 |
| v. | : | |
| | : | |
| **MICHAEL J. ASTRUE, Commissioner** | : | |
| of Social Security, | : | |
| Defendant. | : | |

### O R D E R

**AND NOW,** this 13th day of September, 2013, upon consideration of plaintiff's request for review, the record in this case, the Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated August 5, 2013, and Plaintiff's Objections to the Report and Recommendation, **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated August 5, 2013, is **APPROVED AND ADOPTED**;

2. Plaintiff's Objections to the Report and Recommendation are **OVERRULED**. All of the issues raised in the Objections were covered in the Report and Recommendation which the Court has approved and adopted;

3. Plaintiff, Chester M. Poleck, Jr.'s request for review is **DENIED**;

4. Judgment is **ENTERED IN FAVOR** of defendant, Carolyn W. Colvin, Acting Commissioner of Social Security, and **AGAINST** plaintiff, Chester M. Poleck, Jr.

Plaintiff's Objections to the Report and Recommendation are overruled for the following reasons:

1. Plaintiff argues that the Report and Recommendation is clearly erroneous and contrary to law in stating that plaintiff's knee impairment was not severe.   The Report and

Recommendation addresses this issue and this Court is in complete agreement with what the Magistrate Judge said on this issue.  Moreover, assuming *arguendo* that the Administrative Law Judge erred in not finding the knee impairment to be severe at the second stage of the sequential evaluation, a remand would not be appropriate because the record shows that plaintiff was not precluded from performing light work.  Specifically, for two years during his claimed period of disability, plaintiff worked part-time as a maintenance man for Wal-Mart.  That job required walking, standing, kneeling and crouching far in excess of what is required of a delivery person – the prior work to which the Administrative Law Judge decided plaintiff could return;

2. Plaintiff argues that the Magistrate Judge erred in stating in the Report and Recommendation that the Administrative Law Judge properly analyzed the opinion evidence of Dr. Urbano and Dr. Ball.  With respect to Dr. Urbano, the Magistrate Judge criticized the portion of the Administrative Law Judge's decision in which he rejected Dr. Urbano's opinion as a treating specialist on the ground that the limitations he found were due to plaintiff's failure to follow prescribed treatment.  This approach was contrary to applicable law because, if that was the only reason Dr. Urbano's limitations were rejected, the Administrative Law Judge would have had to specifically consider plaintiff's claim that he could not afford the prescribed treatment, and he did not do so.  20 C.F.R. § 404.1530(b);

The Magistrate Judge also concluded, and this Court agrees with the conclusion, that it is clear the Administrative Law Judge also relied upon the findings of two examining independent physicians, Drs. Stankiewicz and Bree, in rejecting Dr. Urbano's findings.  Neither of these physicians found any significant physical limitations.  Their findings were supported by plaintiff's own presentation as to his daily activities and the medical records presented in the case, all of which were referenced in the Report and Recommendation;

Plaintiff also objects on the ground that the Magistrate Judge wrongly disregarded limitations Dr. Ball found as a result of plaintiff's carpal tunnel syndrome. This issue is addressed in the Report and Recommendation with which this Court agrees; and,

3. Finally, plaintiff objects to the Magistrate Judge's conclusion in the Report and Recommendation that there was substantial support for the Administrative Law Judge's determination that plaintiff could return to his prior work delivering pizza, or that he could engage in the full range of light work. The substantial evidence to support that conclusion of the Administrative Law Judge is set forth in the Report and Recommendation. This Court is in complete agreement with what is said on that issue in the Report and Recommendation.

**BY THE COURT:**

s/ Jan E. DuBois
**DuBOIS, JAN E., J.**